FILED
RICHARD W. NAGEL
CLERK OF COURT
SEP -8 2026 3:50 P
U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:26-cr-00088 |
| | : | Judge Michael J. Newman |
| **Plaintiff,** | : | I N D I C T M E N T |
| | : | |
| **v.** | : | 18 U.S.C. § 922(g)(1) |
| | : | 21 U.S.C. § 841(a)(1) |
| **DORIAN SHANK,** | : | FORFEITURE |
| | : | |
| **Defendant.** | : | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(1) and 841(b)(1)(B)-(C)]

On or about August 1, 2026, in the Southern District of Ohio, defendant **DORIAN SHANK** knowingly and intentionally possessed with intent to distribute controlled substances – namely:

a. 40 grams or more a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance;

b. a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)-(C).

COUNT TWO

[18 U.S.C. §§ 922(g)(1) and 924(a)(8)]

On or about August 1, 2026, in the Southern District of Ohio, defendant **DORIAN SHANK**, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and this firearm was in and affecting commerce, and had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

FORFEITURE ALLEGATION ONE

Upon conviction of the offense set forth in Counts One and/or Two of this Indictment, defendant **DORIAN SHANK** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

S/

Foreperson

DOMINICK S. GERACE II
United States Attorney

ROBERT PAINTER
BRENT G. TABACCHI
Assistant United States Attorneys